# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 735 | **DATE** | 2/1/2013 |
| **CASE TITLE** | James vs. Hartford Insurance Co | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's application to proceed in forma pauperis [4] and dismisses this lawsuit for lack of subject matter jurisdiction.

■[ For further details see text below.]  Docketing to mail notice.

## STATEMENT

On January 30, 2013, pro se Plaintiff Ethyll James filed the present Complaint against Defendant Hartford Insurance Company of Illinois based on its denial of her insurance claim for personal property loss covered under her homeowner's insurance. Plaintiff also seeks to proceed in forma pauperis in lieu of paying the $350 filing fee. *See* 28 U.S.C. § 1915(a)(1). Because the Court does not have subject matter jurisdiction to hear Plaintiff's claim, the Court denies Plaintiff's application to proceed in forma pauperis and dismisses this lawsuit in its entirety. Plaintiff must file her claim in state court.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Plaintiff's financial status and review her claims to determine whether the action she alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if the action seeks damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In addition, federal courts my raise their subject matter jurisdiction at any stage of the proceedings. *See Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 619 (7th Cir. 2012).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**ANALYSIS**

Construing pro se Plaintiff's allegations liberally, *see Munson v. Gaetz,* 673 F.3d 630, 633 (7th Cir. 2012), Plaintiff alleges that Hartford Insurance Company of Illinois wrongfully denied her insurance claim for the loss of personal property due to a fire at her home at 15230 South State Street in South Holland, Illinois. Attached to her pro se Complaint is information about her homeowner's insurance policy, including her declarations page. Her homeowner's policy states that the insurer is Hartford Insurance Company of Illinois, which has its principal place of business in Illinois.

As the insurer, Hartford Insurance of Illinois is a necessary and indispensable party to this lawsuit. *See Sta-Rite Indus., Inc. v. Allstate Ins. Co.,* 96 F.3d 281, 285 (7th Cir. 1996). Because Plaintiff is a citizen of Illinois and Hartford Insurance of Illinois is also a citizen of Illinois because its principal place of business is in Illinois, *see Dexia Credit Local v. Rogan,* 629 F.3d 612, 620 (7th Cir. 2010), there is not complete diversity of citizenship between the parties, and thus the Court does not have subject matter jurisdiction to hear this claim.

To clarify, "[f]ederal courts are courts of limited jurisdiction," and "[t]he circumscribed nature of the federal judiciary's jurisdiction is a function of restrictions placed upon it by both the United States Constitution and federal statutory law, both of which must authorize a federal court to hear a given type of case." *International Union Pac. of Operating Eng'rs, Local 150, AFL-CIO v. Ward,* 563 F.3d 276, 280 (7th Cir. 2009). Because insurance claims are subject to state law, the jurisdiction statute 28 U.S.C. § 1332(a) applies. Under Section 1332(a), a federal court has subject matter jurisdiction over a civil suit based on state law if it is between citizens of different states and if the matter in controversy exceeds the sum or value of $75,000. *See Travelers Property Cas. v. Good,* 689 F.3d 714, 717 (7th Cir. 2012). Here, because the parties are both from Illinois, Plaintiff cannot maintain her lawsuit in federal district court.